IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Ohio Mutual Insurance Group, | ) | CASE NO.  1:13 CV 958 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| BMC US, INC., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on the Plaintiff's Motion to Remand (ECF #5).  The motion to remand is opposed by Defendant BMC US, INC., ("BMC").  For the reasons that follow, the motion to remand is granted.

**Procedural Background**

Plaintiff Ohio Mutual Insurance Group, an Ohio insurance company organized under the laws of Ohio with its principal place of business in Bucyrus, Ohio, filed this action in the Court of Common Pleas in Crawford County, Ohio.  Plaintiff's complaint seeks the following declaratory and injunctive relief against Defendant: Count 1- that Defendant breached the Services Agreement between the parties; Count 2- that a directive of the Connecticut Department of Insurance caused a provision of the Services Agreement to be unenforceable which materially and adversely altered the services to which Plaintiff was entitled under the Services Agreement thus making Plaintiff's termination of the Services Agreement a valid termination in full compliance with Section 16 of the Services Agreement;  Count 3- that to the extent that either party has breached any term of the Services Agreement, or asserts any claim "arising out of [the Services Agreement] or the performance or non-performance thereof" its sole and exclusive

remedy "shall be limited to $10,000, in aggregate as provided by the Services Agreement; and, Count 4- seeks temporary, preliminary and permanent injunctive relief to enjoin Defendant from interfering with Plaintiff's contractual relationship with Fifth Third Bank.

Defendant BMC was a Delaware corporation with its principal place of business in Dallas, Texas. BillMatrix Corporation is the successor-in-interest to BMC, as BMC was merged into BillMatrix Corporation. BillMatrix Corporation is a Delaware corporation with its principal place of business in Dallas, Texas. Defendant removed the case to this Court pursuant to 28 U.S.C. §1441 and 1446, alleging diversity jurisdiction under 28 U.S.C. §1332. (ECF #1). Plaintiffs have now moved to remand this action to state court, contending that the amount in controversy is not sufficient to meet the federal jurisdictional limits of $75,000. There is no dispute that complete diversity of citizenship exists between the parties.

## Analysis

Federal courts have jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(1). The burden is on Defendant to demonstrate the existence of these requirements by a preponderance of the evidence. *See Everett v. Verizon Wireless, Inc.,* 460 F.3d 818, 829 (6th Cir.2006) (quoting *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 155 (6th Cir.1993)). Removal statutes are to be strictly construed against the moving party. Strict construction of the removal statutes is necessary because removal jurisdiction encroaches on a state court's jurisdiction. The Sixth Circuit has stated:

> in the interest of comity and federalism, federal jurisdiction should
> be exercised only when it is clearly established, and any ambiguity
> regarding the scope of §1446(b) should be resolved in favor of
> remand to the state courts.

*Brierly, v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir.1999).  The district court must resolve all doubts regarding propriety of removal in favor of the non-removing party *Coyne v. American Tobacco Co.,* 183 F. 3d 488, 493 (6th Cir. 1999).

Where, as here, a plaintiff's complaint does not facially claim damages exceeding $75,000, the defendant seeking removal has a duty to present to the Court that it is more likely than not that the plaintiff's claims exceed the amount in controversy requirement. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir.2006); *Rogers v. Wal–Mart Stores, Inc*., 230 F.3d, 868, 871 (6th Cir.2000).  Because federal jurisdiction must be apparent from the face of the complaint, the value of a counterclaim may not be considered in determining the amount in controversy.  See *Loker v. Metr. Prop. & Cas. Ins Co.*, 2008 WL 5378347 at *3 (N.D. Ohio Dec. 22 2007) (citations omitted)  In addition, the value of the declaratory relief sought by Plaintiff must be evaluated and included when determining the amount in controversy. *Hunt v Washington State Apple Advertising Com'n*, 432 U.S. 333, 347 (1977) In declaratory judgment actions the amount in controversy is measured by the value of the object of the litigation.  *Id* at 347. Stated another way, the court should focus on the economic value of the rights the plaintiff seeks to protect. *Woodmen of the World/Omaha v. Scarbro*, 228 F. Supp. 818, 821 (S.D. Ohio 2002).

In this case Plaintiff asserts that the value of its rights under the Services Agreement at issue is contractually capped at $10,000, and thus, it seeks a declaratory judgment for that amount.  Notwithstanding Defendant's arguments based upon the numbers in its counterclaims, nothing in the Complaint suggests that a different or larger amount is at stake.  As such, the Court determines that Defendant has not demonstrated by a preponderance of the evidence that

the amount in controversy in this action exceeds $75,000.

## Conclusion

For the reasons stated above, the Plaintiff's Motion to Remand (ECF #5) is GRANTED. The Clerk of Courts is directed to remand this action to the Court of Common Pleas for Crawford County, Ohio.

IT IS SO ORDERED.


                                      */s/Donald C. Nugent*
                                      DONALD C. NUGENT
                                      United States District Judge


DATED: June 24, 2013